[No. 2064.]

*Ex Parte* Benton Kramer.

19  123
35  300

1. Habeas Corpus — Appeal — Case Stated.— Applicant was arrested upon a warrant issued by a justice of the peace, upon a complaint charging him with the violation of the local option law. He applied to the county judge for the writ of *habeas corpus*, which was granted, but upon the hearing of the same the county judge remanded the applicant to the custody of the officer, and the applicant appeals. The assistant attorney-general moves to dismiss the appeal, because, 1. The justice of the peace had acquired jurisdiction of the case, and also of the person of the applicant, and therefore the county judge could not interfere by the writ of *habeas corpus*, and, the county court having no jurisdiction, this court acquired none by the appeal. 2. Because it does not appear from the record that the applicant is in actual custody or restrained of his liberty. 3. Because the record has not been sent to this court in the manner required by law. The motion to dismiss the appeal is overruled because the writ of *habeas corpus* was fully authorized by articles 139 and 195 of the Code of Criminal Procedure. *Held*, further, that as the record shows the remand of applicant to the custody of the officer, the presumption obtains that he is held in custody by said officer in obedience to the order. And, further, that the rules governing the transmission of transcripts to this court, on ap-

peals in other criminal cases, do not govern in *habeas corpus* appeals; such appeals being specially provided for and regulated, and no particular mode being prescribed for bringing the transcripts before this court. (Code Crim. Proc., art. 881.)

2. SAME — LOCAL OPTION LAW.— Inasmuch as an election under the local option law which was not conducted in accordance with the requirements of the law is absolutely void, rendering absolutely void every proceeding had thereunder, the legality of the same may be questioned not only directly but collaterally. *Habeas corpus* was an available remedy in this case, and as the evidence shows a failure to properly post notices of the election, the same was illegal, and the judgment of the lower court remanding the applicant must be reversed and the applicant discharged.

APPEAL on *habeas corpus* from the County Court of Young. Tried below before the Hon. H. D. Williams, County Judge.

The opinion discloses the case.

*J. F. Arnold*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.  Appellant was arrested by a deputy sheriff of Young county, in obedience to a warrant of arrest issued by a justice of the peace of said county, based upon a complaint under oath, charging said applicant with selling intoxicating liquors in violation of the local option law.   Appellant applied to the county judge of said county for the writ of *habeas corpus*, which was granted, but upon a hearing thereof upon the merits the judge remanded the applicant to the custody of the respondent, and from that judgment applicant has appealed to this court.

A motion is made by the assistant attorney-general to dismiss the appeal upon the following grounds:   1st. Because the justice of the peace had acquired jurisdiction of the case, and of the person of the applicant, and therefore the county judge could not interfere with that jurisdiction by the writ of *habeas corpus;* and, the county judge having no jurisdiction of the case, this court acquires none by the appeal.   2d. Because it does not appear from the record that the applicant is in actual custody, restrained of his liberty; and 3d, because the record has not been sent to this court in the manner required by law.

In regard to the first ground of the motion, it is conclusively answered, we think, by the statute. (Code Crim. Proc., arts. 139, 195.)   As to the second ground, the record shows that the applicant was remanded by the order of the county judge to the custody of

the deputy sheriff, and we must presume that he is held in custody by said officer in obedience to said order. As to the third objection, we are of the opinion that the rules governing the forwarding of transcripts to this court, on appeals in other criminal actions, do not govern appeals in *habeas corpus* cases. Appeals in *habeas corpus* cases are separately and specially provided for and regulated, and no particular mode is prescribed for bringing the transcripts in such cases before this court. (Code Crim. Proc., art. 881.) We are of the opinion that none of the grounds of the motion to dismiss this appeal are well taken, and the motion is overruled.

Applicant claims his discharge from custody upon the ground of the alleged illegality of the election at which the local option law was declared to have been adopted in Young county. We think there is no question but that he may attack the validity of the election by means of this proceeding. If the election was not conducted in accordance with the requirements of the law, it is void and not merely voidable, and all proceedings had under and by virtue of such void election are absolutely void, and may be questioned not only directly, but collaterally. (*Ex parte Schwartz*, 2 Texas Ct. App., 74; *Ex parte McGill*, 6 id., 498; *Ex parte Kilgore*, 3 id., 247; *Ex parte Mato, ante*, p. 112.)

In *Donaldson* v. *The State*, 15 Texas Ct. App., 25, this court held that the local option law, " being for a particular locality only, it is a *quasi* local or special law, and depends for its validity upon its adoption in conformity with the law permitting its adoption." And in *Boone* v. *The State*, 10 Texas Ct. App., 418, and other subsequent cases, it is held that the election, and all of the steps taken in reference thereto, must have been in strict pursuance of the act governing the same; otherwise such election is void. (*Prather* v. *The State*, 12 Texas Ct. App., 401; *Akin* v. *The State*, 14 id., 142; *McMillan* v. *The State*, 18 id., 375; *Stallworth* v. *The State*, id., 378.)

In this case several reasons are presented and urged why the election adopting the local option law in Young county was illegal and void. We shall notice but one of those reasons. In the statute providing for such elections, it is required that the clerk shall post or cause to be posted at least five copies of the order for election at different public places in the county, for at *least twenty days prior to the day of election.* (Rev. Stats., art. 3230.) It appears from the evidence in the record before us, and is a fact admitted by the prosecution, that this requirement of the law was not observed. But one copy of the order for the election was posted twenty days prior to the election. The other four copies were posted less than twenty

days prior to such election. There are other defects in the election which are perhaps also fatal to its validity; but this one alone is sufficient to render it void under our view of the law, and the previous decisions of this court.

We hold that the applicant is in custody illegally, under and by virtue of a proceeding absolutely void, and is entitled to be discharged, and it is ordered accordingly.

*Ordered accordingly.*

[Opinion delivered October 28, 1885.]