### EX PARTE J. E. FARNSWORTH.

No. 874.    Decided March 1, 1911.

**City Charter and Ordinance—Telephone—Hearing—Notice.**

Where the city charter required that the board of commissioners may make rules and regulations and fix the rates of telephone companies and that a fair hearing should be granted persons or corporations affected thereby, and that no change therein should be adopted except after notice; and it appeared upon habeas corpus that the board had not made such rules and regulations before said ordinance, under which relator was fined, was presented to them by the voters thereon, or at any other time, such ordinance was invalid, and this although the ordinance was adopted by a vote of the people.

From Dallas County.

Original habeas corpus proceeding asking release from arrest for violating a city ordinance upon a capias issued from the Corporation Court of said city.

The opinion states the case.

Vol. LXI Crim.—23.

*W. S. Bramlett,* for relator.—Cited ex rel. MacMahon v. Independent Telephone Co., 109 Pac., 366.

*James J. Collins* and *Jno. C. Robertson,* for respondent.—Cited Home Tel. & Tel. Co. v. Los Angeles, 155 Fed. Rep., 554.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—This is an original habeas corpus granted by this court. There is an agreed statement of facts in the case from which it is shown that some time prior to April 5, 1910, there was presented to the board of commissioners of the city of Dallas, by a petition signed by at least five percent of the entire vote cast for all candidates for mayor at the last preceding general election at which a mayor was elected, an ordinance under the initiative and referendum provisions of the charter of the city of Dallas enacted by the Thirtieth Legislature, and approved April 13, 1907. This ordinance fixed the maximum rates for telephone service and provided, among other things, that the bills for telephone service should become due and be presented on the first of the month following the service, such bills to be subject to a discount of ten percent if paid on or before the tenth day of said month. It also provided that any person who shall violate any of the provisions of the ordinance should be fined two hundred dollars upon conviction in the Corporation Court of the city of Dallas.

Relator was the manager and directing officer of the Southwestern Telegraph and Telephone Company. Said telephone company was on and long before July 31, 1910, engaged in operating a telephone system in the city of Dallas by virtue of a franchise theretofore granted from the city of Dallas to it. A complaint was filed charging that on said day, July 31, 1910, relator unlawfully had cut off and disconnected said telephone service from A. O. Anderson, who was a citizen of Dallas, residing within its corporate limits, and who was then a subscriber and had one of the telephones of said company; that the relator had presented the bill for July before August 1 and had cut off and discontinued said Anderson's telephone because he had refused to pay the amount charged therefor for July, 1910, in advance before the service was rendered, in violation of said ordinance. Thereupon a warrant was issued and he was arrested and held by the city marshal of Dallas by virtue of said complaint and warrant issued thereunder. The relator denied that the purported ordinance was an ordinance of any character of said city and denied that the same was a valid ordinance thereof.

It further appears that said ordinance was never enacted by the mayor and board of commissioners, and was in fact in no way acted on by the mayor and board of commissioners other or further than when it was presented by the percent of said electors in Dallas, they

had the city secretary to ascertain whether or not there was suffi-
cient number of qualified voters signing said petition, and upon it
being ascertained and certified by the secretary that the requisite num-
ber had signed, the commissioners ordered an election to be held
thereon, which election was held on April 5, 1910, and at said elec-
tion a majority of the qualified voters in Dallas voted for the enact-
ment of said ordinance. All this was ascertained and declared by
the commissioners, and thereupon it was ordered by the commissioners
that said ·ordinance be placed in the ordinance records of the city as an
ordinance enacted, not by them, but by the voters ·under the initiative
and referendum provisions of the charter. In other words, the mayor
and board of commissioners did not enact the ordinance, but simply
and solely, under the said initiative and referendum provisions of
said charter, let the voters enact it.

The Legislature in enacting said charter requires the courts to take
judicial knowledge thereof, in effect, the same as if it was a general
law passed by the Legislature. Section 1, article 8, of that charter,
among other ·things, provides that any proposed ordinance may be
submitted to the board of commissioners by a petition signed by reg-
istered electors of the city equal in number to five percent of voters,
and that after ascertaining the facts, making it necessary in accord-
ance with said charter to submit the same to a vote of the people at
an election held for that purpose. All of the prerequisites necessary
under the initiative and referendum clause of the charter were by
the mayor and board of commissioners ascertained to have been com-
plied with, and at the election held for that purpose a majority of
the voters who voted, voted in favor of its adoption.

By subdivision 27, section 8, article 1, of the charter, it is, among
other things, provided that the city "shall have the power by ordi-
nance to regulate and fix the rates, tolls and charges of local tele-
phones and exchanges." Subdivision 7 of section 8 of said article,
among other things, provides: "The right is hereby delegated to the
city of Dallas acting through its board of commissioners to deter-
mine, fix and regulate the charges, fares or rates of any person, firm
or corporation enjoying or that may enjoy a franchise or exercising
any other public privilege in said city, and to prescribe the kind of
service to be furnished by such person, firm or corporation, and the
manner in which it shall be rendered, and from time to time to alter
or change such rules, regulations and compensation." But it is also
required by said section that the board shall make rules and regula-
tions granting a fair hearing to persons or corporations to be affected
by such regulations, and that no change·.therein shall be adopted ex-
cept after notice to the persons affected and after a fair hearing shall
be granted them.

It appears that the board did not make rules and regulations for
such hearing at the time or before said ordinance was presented to
them, nor that there was ever at any time a fair hearing given to

said telephone company before said ordinance was presented, or at any other time.

It is elementary in this State that an incorporated city thereof has only such power and authority as is granted to it by the charter, and that no ordinance of such city is valid unless and until the prerequisites to its enactment are substantially complied with.

It is contended, in effect, that under the initiative and referendum provision of the charter of Dallas the voters, in the manner that it was done, had the right and power to enact the said ordinance, and that it is valid and binding, notwithstanding it was neither enacted by the board of commissioners, nor prior to its submission to the voters, the said board had provided rules and regulations for hearing said telephone company, and thereunder given it a fair hearing as to the provisions of said ordinance before it was enacted. We can not sustain this contention. As is shown above, the said ordinance was passed by the voters, and not by the board of commissioners, and that, too, without a hearing of any kind under rules and regulations prescribed and adopted by the board; therefore, said ordinance is invalid and not effective in the city of Dallas. See the Southwestern Telegraph & Telephone Co. v. City of Dallas, recently decided by the Supreme Court and not yet reported, and Ex parte J. E. Farnsworth, this day decided by this court.

The relator, therefore, being illegally held in restraint by virtue of the said warrant under a complaint charging an offense under an ordinance that is invalid and void, is hereby ordered discharged.

*Relator discharged.*