## J. T. Shrader Et Al v. W. G. Ritchey Et Al

No. A-6608. Decided February 5, 1958.
(309 S.W. 2d Series 812)

*Cain, Taylor & Cain,* of Liberty, for appellants.

*Robert F. Atkins,* County Attorney, of Cold Springs, for appellees.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This case is here on certificate from the Court of Civil Appeals, Ninth Supreme Judicial District, at Beaumont, essential portions of which are copied below. The certificate recites:

"This suit was instituted in the District Court of San Jacinto County, by J. T. Shrader and other freeholders of said county against the Honorable W. G. Ritchey, County Judge, and other county officials to void a stock law election held in a subdivision of San Jacinto County under the provisions of Title 121, Ch. 5, of the Revised Civil Statutes of Texas. The contestants also sought to have the County Judge permanently enjoined from placing into effect, by proclamation or otherwise, such stock law. The case was tried before the court without a jury and judgment was rendered that the election was in all things valid and that contestants (appellants herein) be denied all relief prayer for."

The Court of Civil Appeals affirmed the judgment of the trial court and overruled the motion for rehearing. Thereafter it granted appellants' motion to certify certain questions to this court.

The certificate further recites:

"The parties stipulated that the election notice was published in the San Jacinto Times, a weekly publication of San Jacinto County, on four different occasions. These were November 23rd, November 30th, December 7th and December 14th, 1956. There were no notices contained in subsequent publications prior to January 5, 1957, the day of election. The result was a total elapsed time of 22 days between the first and the last publication. The election was held January 5, 1957, as aforesaid, for an elapsed time of 43 full days between the first publication and the day of election. Article 6959, Revised Civil Statutes, relating to stock law elections, calls for public notices of such elections to be made by the County Judge by publication of the order therefor in some newspaper published in the county, if there be one, for at least 30 days before the day of election. The appellants rely heavily on the opinion of our Court of Criminal Appeals in the case of Cunningham v. State, 119 Texas Crim. Rep. 572, 44 S.W. 2d 739. wherein the exact question embraced in the appellants' first point of error was presented. The court held the proposition 'for' in the statute requiring notice of a stock law election for 30 days before the day of the election to mean 'during.' That court further held 22 days publication to be insufficient and construed Article 6959, supra, to require that notice must be published at least 30 days prior to the election and continue in each successive issue of the paper up to the time of election, notwithstanding the fact that 31 full days had actually elapsed between the day of the first publication and the day of the election."

Finally, the certificate recites:

"For the reason that the matter is one in which our decision is final and cannot reach the Supreme Court by writ of error; for the reason that our holding in the case at bar is in direct conflict with the holding in Cunningham v. State, supra, and for the reason that the same question is one which in all likelihood will continue to arise in the absence of it being set to rest by the Supreme Court, we certify the following questions:

"1.   Did we err in failing to hold that a strict compliance

with Art. 6959, as was required in Cunningham v. State, was necessary to sustain the validity of the stock law election under the facts stated?

"2. If we were not so in error, was the publication of notice in this case sufficient compliance with Art. 6959 to sustain the validity of the stock law election under the facts stated?"

Under our view of the question presented it calls not for the construction of a statute but for the determination of a sound public policy. As stated in the certificate, the decision of the Court of Civil Appeals in this case is in direct conflict with the decision of the Court of Criminal Appeals in Cunningham v. State, 119 Texas Crim. Rep. 572, 44 S.W. 2d 739.

The pertinent part of Article 6959, R. S. 1925, reads:

"Immediately after the passage of an order for an election by the commissioners court, the county judge shall issue an order for such election and cause public notices thereof to be given for at least thirty days before the day of election, by publication of the order therefor in some newspaper published in the county, * * *."

The tentative opinion of the Court of Civil Appeals in this case holds that the publication of the notice on November 23, November 30, December 7, and December 14, of the election held on the following January 5 was a substantial compliance with the provisions of the statute, and that a strict construction should not be given it. Accordingly, it ordered that the judgment of the trial court decreeing that the election was valid be affirmed. The Court of Criminal Appeals in the Cunningham case, under substantially the same state of facts, held an election void. The original opinion in that case was released in December, 1931, and the opinion on rehearing in January, 1932. Both opinions reflect that the question was given careful consideration. Since the Legislature has not amended the statute, we must assume that that court will feel bound by that decision should the question of the construction of the statute arise again.

A wilful violation of the provisions of the stock law in a county or subdivision thereof in which it has been adopted is punishable as an offense. Penal Code Article 1369. It was held in Griffin v. Tucker, 102 Texas 420, 118 S.W. 635:

"Ordinarily this court follows the construction given to

penal statutes by the Court of Criminal Appeals, since the enforcement of such statutes must be in accordance with such construction; but the decision of questions coming within the scope of cases of contested elections is intrusted to the civil courts, and must be in accordance with their own construction of the controlling constitutional and statutory provisions."

It will be noted that the court recognized its duty "ordinarily" to follow the construction given by the Court of Criminal Appeals to a statute which is penal in its nature. Clearly this is a case in which the ordinary rule should be followed. The certificate states that the same question in all likelihood will continue to arise. It would be an intolerable situation should this Court hold the election valid and then when the officers undertook to enforce the stock law they would be met by a binding decision of the Court of Criminal Appeals that the election was void and that, therefore, no law had been violated. When a refusal by this Court to follow a decision of the Court of Criminal Appeals in construing a statute, the violation of which is a penal offense, would create an intolerable situation, it is our duty not to refuse to do so, but to follow the ruling of that court. Nolan County v. Beall, 98 Texas 104, 81 S.W. 526. The proper administration of justice demands that harmony exist in the construction of statutes criminal in their nature between our two courts of last resort. Some of the older members of the Bar will recall the confusion created in 1911 when these two courts rendered conflicting decisions with reference to the validity of a provision for initiative and referendum in a city's charter. See Ex Parte Farnsworth, 61 Texas Crim. Rep. 353, 135 S.W. 535, 538, and Southwestern Tel. & Tel. Co. v. Dallas, 104 Texas 114, 134 S.W. 321. The confusion which would be created by our failure to follow the Court of Criminal Appeals in this case would be much more serious than that resulting from the two decisions just mentioned.

While in general this Court is more liberal in construing statutes with regard to the giving of notice of an election than the Court of Criminal Appeals, there is no reason for indulging in any liberality in the instant case. The Cunningham case is the only case by either this Court or the Court of Criminal Appeals construing the particular statute under review, and we do not hesitate to follow it.

From what has been written above, it follows that we answer the first question in the affirmative, and that answer renders the second question immaterial.

Opinion delivered February 5, 1958.