J. M. COLLINS et al., Appellant,

v.

Ward JONES et al., Appellees.

No. 6201.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 16, 1958.

Rehearing Denied Feb. 4, 1959.

190

Clarence D. Cain, Liberty, R. A. Richardson, Kountze, for appellant.

Hightower & Willis, Livingston, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment of the district court of Polk County in two stock law election contests.

Two stock law elections were held on the same day in Polk County, one to determine whether cattle should be permitted to run at large in said county and the other whether horses, mules, hogs and other named animals should be permitted to run at large. The vote was declared to be in favor of prohibiting the named animals to run at large in both of said elections. The appellants Collins, et al. filed suit contesting both of said elections, and the two election contests were consolidated by the trial court and tried as one cause. The case was tried to a jury but at the conclusion of all the evidence the court withdrew the case from the jury and rendered judgment, declaring both elections valid. The appellants have duly perfected their appeal to this court.

The parties in their briefs refer to the two elections as the "cattle" election and

the "hogs" election. The appellants in their petitions alleged substantially the same irregularities and deficiencies as to both elections. In the argument before the court on submission of the case on appeal counsel for appellants conceded that the hog law election was valid, and that the record did not substantiate the attacks by the appellants upon the validity of that election. On appeal the appellants concentrate their fire upon a glaring error in the publication of the notice of the election in the cattle election.

■ In their petition in the cattle election the appellants alleged, among other things, that the notice of the election was insufficient in that the notice as published in the newspaper in Polk County was not in fact a publication of the order calling the election, but was a mere portion thereof. The last two paragraphs of the County Judge's order, with the date of the order and the County Judge's name and signature thereto was omitted from the notice as published in the newspaper. The appellants point out that the pertinent statute, Article 6959, Vernon's Annotated Civil Statutes of Texas, provides that immediately after the passage of an order for an election by the Commissioners' Court, the County Judge shall issue an order for such election and cause the public notices thereof to be given for at least thirty days before the day of election, by publication of the order therefor in some newspapers published in the county, etc. The appellants say that publication in this case was not a publication of the order as required by statute, and amounted to no notice at all.

We are in agreement with the views of the appellants and hold that such publication of only a portion of the order calling the election, not including the date and the signature and title of the County Judge was not a publication of the order itself and was not a sufficient notice of the election as required by statute.

In Shrader v. Ritchey, Tex., 309 S.W.2d 812, the Supreme Court answered a question certified to it by this court and held that a strict compliance with Article 6959, above, as required in Cunningham v. State, 119 Tex.Cr.R. 572, 44 S.W.2d 739 was necessary to sustain the validity of a stock law election. On authority of that case, we hold that the cattle stock law election before us on this appeal was invalid. The trial court's judgment in this case was rendered before the Supreme Court decided the Shrader v. Ritchey case and he, therefore, did not have the benefit of that decision in arriving at his judgment.

The appellees ·contend in this case, that the appellants should not be heard to complain on appeal of the insufficiency of the published notice in. the cattle election, because there is, as they contend, nothing in the record to indicate that such complaint ·was made to the trial court. We cannot agree with this contention. The appellants made such allegations of the insufficiency of· the notice in their petition contesting the election and the statement of facts shows that the publication in the Polk County Enterprise omitted the last three paragraphs of the order, and also omitted the name and title of the County Judge of Polk County. When the trial judge, at the conclusion of the evidence, on motion of the appellees, withdrew the case from the jury and rendered judgment declaring the elections valid, the appellants excepted in open court and gave notice of appeal to this court. They were required to do nothing further in the trial court to preserve their complaint as to the notice published in the newspaper.

The appellants' first point is sustained and the judgment in the cattle election case, No. 1064 on the docket of the trial court, is reversed and judgment is here rendered that said election was void. All the other points urged by the appellants in regard to the cattle election are overruled, and all the points urged by the appellants in regard to the hog law election are overruled

and the judgment of the trial court as to the hog law election is affirmed.

Affirmed in part and reversed and rendered in part.