### J. M. COLLINS ET AL v. WARD JONES ET AL.

No. A-7230. Decided June 3, 1959.
(324 S.W. 2d Series 540)

*Clarence D. Cain,* of Liberty, and *R. A. Richardson,* of Kountz, for appellants.

*Hightower & Willis,* of Livingston, for appellees.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This case involves a contest of a stock law election held in Polk county. The validity of the election turns upon whether the form of the published notice thereof met the requirements of Article 6959, Vernon's Texas Civil Statutes. The case is before this court on certificate from the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District at Beaumont. The certificate recites:

"On May 18, 1957, a county-wide Stock Law Election was held in Polk County, Texas, under authority of Articles 6954, et seq., Vernon's Texas Civil Statutes. The votes were subsequently duly canvassed and the result of the election was declared. A majority of the votes were in favor of the stock law, i.e., in favor of prohibiting cattle and certain other animals from running at large. A contest of the election was then filed by eligible persons in the district court of Polk County. That court upheld the election, and the contestants perfected an appeal to this court. The judgment of the trial court was by this court reversed and rendered, upon the theory that insufficient notice

of the election was given, * * *. The Appellees seasonably filed motion for rehearing, which was overruled. Then, as is provided for by Rule 465, T.R.C.P., and within the time therein provided, they filed herein their motion to have the question of law involved certified to the Supreme Court for decision. They were within their rights in so doing, since they were not at liberty to petition for writ of error. Article 1821(4), Vernon's Texas Civil Statutes.

"Notice of the election was given by publication in a newspaper of general circulation, as is provided for by Article 6959, Vernon's Civil Statutes, but not all of the county judge's order was published. * * *

"* * * Since Article 6959, supra, provides that notice of such elections shall be given 'by publication of the order therefor,' this court held the notice fatally defective and the election void. In so doing, it largely relied upon Shrader v. Ritchey, 158 Texas 154, 309 S.W. 2d 812, in which the Supreme Court answered a question which was certified by this court under a different fact situation. Appellees urge that this court's holding in the case at bar is not required by the Shrader case and is actually in conflict with the spirit of the opinion in that case. They also contend that cases cited in their brief require a different disposition of the case. In view of their earnestness and because of the importance of the question, even though we are somewhat doubtful of the propriety of doing so, we have concluded to certify the following question:

"Did this court err in holding the notice of election fatally defective and the election void?"

The type of public notice which must be published for an election of this kind is prescribed by Article 6959, Vernon's Texas Civil Statutes, which provides:

"Immediately after the passage of an order for an election by the commissioners court, the county judge shall issue an order for such election and cause public notices thereof to be given for at least thirty days before the day of election, by publication of the order therefor in some newspaper published in the county, if there be one, * * *. Said order of the county judge shall specify:

1. The petition and the action of the commissioners court.

2.  The class of animals it is proposed shall not run at large.

3.  The territorial limits to be affected.

4.  The day of election.

5.  The places at which polls are to be opened."

The order of the county judge for the election in this case reads as follows:

"THE STATE OF TEXAS

"THE COUNTY OF POLK

"ORDER OF COUNTY JUDGE FOR ELECTION TO DETERMINE WHETHER CATTLE SHALL BE PERMITTED TO RUN AT LARGE IN POLK COUNTY, TEXAS.

"This the 8th day of April, 1957, came on to be considered by the County Judge of Polk County, Texas, the Petition of W. W. Amos and over fifty (50) other persons, all being freeholders and qualified voters of Polk County, Texas, for an order of election in said County of Polk, Texas, for the purpose of enabling the freeholders thereof to determine whether cattle shall be permitted to run at large therein, within and throughout the territorial limits of the County of Polk, Texas, (that being the class of animals such petitioners propose shall not run at large) and it appearing to the undersigned Judge of such Court that such petition was filed with the Commissioners Court of said County on the 6th day of April, 1957, and that said Commissioners Court of Polk County, Texas, thereafter on the 8th day of April, 1957, heard and granted the same and ordered that such election be held on the 18th day of May, 1957; and, that the County Judge of said County issue an order therefor and cause public notice thereof to be given as required by law:

NOW, THEREFORE, by virtue of the authority vested in me, under such order and the law, I, Clayton Malone, County Judge of Polk County, Texas, do hereby order that on the 18th day of May, 1957, at the usual voting places in the several precincts of Polk County, Texas, hereinafter more particularly described, an election shall be held for the purpose of enabling the freeholders of Polk County, Texas, to determine whether cattle shall be permitted to run at large therein, within and throughout the territorial limits of Polk County, Texas.

"The polls shall be open between the usual hours of 8 A.M. and 7 P.M. on said date for such election at the usual places in the several election precincts of Polk, County, Texas; and, that the persons named opposite the numbered voting precincts shall be judges of said election at the respective election precincts, with the first named persons presiding as judges where more than one person is named, to-wit:

[Here follow the names of twenty-one polling places and the presiding judge of each.]

"No person shall vote at such election unless he is a free-holder and is also a qualified voter under the Constitution and the laws of the State of Texas. All votes of such election shall be by ballot, and voters desiring to prevent the animals designated herein from running at large shall place upon their ballot the words: 'FOR THE STOCK LAW,' and those in favor of allowing such animals to run at large: 'AGAINST THE STOCK LAW.'

"*Within 36 hours after all votes have been counted and tabulated the persons holding such election shall make due returns of all the votes cast in their respective voting places for and against said proposition to the County Judge of said County.*

"*Public notice of this Order shall be given for at least thirty (30) days before the date of such election by publication thereof in the Polk County Enterprise, a newspaper published in said County.*

"*Witness the hand of the County Judge of Polk County, Texas this the 8th day of April, 1957.*

> /s/ *Clayton Malone*
> *Clayton Malone, County Judge*
> *of Polk County, Texas.*"

The above-quoted order, except for the italicized portion, was published in the Polk County *Enterprise* for the requisite length of time. The order, as published, contained each of the requirements of Article 6959. Contestants, however, take the position that this is not enough. They contend that publication of the order without the italicized portion was not a "publication of the order therefor" within the meaning of Article 6959.

The purpose of Article 6959 is undoubtedly to assure a free

and open special election wherein the voters are fully advised regarding the extent to which their interests might be affected and the time, place, and mode by which they may cast their votes. This purpose is fully accomplished by the order as published. The unpublished part of the order would have contributed nothing further toward this end. The only additional recitals therein contained were (1) an instruction to the election officials that returns of all votes cast were to be made to the county judge within thirty-six hours after tabulation, and (2) an instruction that the order was to be published in the Polk County *Enterprise* for at least thirty days prior to the election. These recitals, if published, would have served no useful purpose so far as the voters were concerned. The omission of the signature of the county judge was immaterial, since his name and official title were set out in the order as published.

The Court of Civil Appeals cites Shrader v. Ritchey, 158 Texas 154, 309 S.W. 2d 812, as controlling authority for its holding that the notice published in this case was fatally defective. That case, however, is based upon the proposition that where the Court of Criminal Appeals had previously construed Article 6959 with regard to the length of time that notice must be published, this court, as a matter of sound public policy, would follow that construction. In this case we have not been cited to any decision by the Court of Criminal Appeals construing Article 6959 with regard to the content of the notice that must be published. The Shrader case, therefore, has no applicability to the question before us.

For the reasons stated above we answer the question certified in the affirmative.

Opinion delivered June 3, 1959.