

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 23, 1968

Mr. Willie B. DuBose
County Attorney
Midland County Courthouse
Midland, Texas   79701

Opinion No. M- 239

Re: Whether a Justice of the Peace, in an administrative hearing pursuant to Article 6687b, Section 22, V.C.S. of Texas, may proceed to hear the merits and enter a valid finding or order in the absence of the licensee's personal appearance or signed post office receipt showing delivery of the notice of hearing upon him, and related question.

Dear Mr. DuBose:

In your Opinion Request to this office you pose the following two questions:

(1)  May a Justice of the Peace, in an Administrative Hearing brought under Art. 6687b, Section 22, Vernon's Civil Statutes, proceed to hear the merits and make any valid findings or orders when the licensee does not appear at the hearing and there is no signed Post Office receipt showing delivery of the Notice of Hearing, even though such notice is shown to have been sent by certified mail to the address shown on his license?

(2)  Would a suspension which resulted from such a hearing, if void, be given any additional validity by the fact that the licensee is subsequently given actual or constructive notice of said suspension?

We assume from your wording of the first question that service by certified mail is not shown to have been completed in that there is an absence of a receipt of notice therefor

- 1167 -

validated by an official post office postmark. Presumably the notice was returned unreceipted for or is otherwise un-accounted for.

Article 6687b, Section 22(a) provides, in part:

". . .Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing. . . Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section."

Article 29c, Vernon's Civil Statutes, provides, in part:

"All persons, firms . . . municipalities, counties and other political subdivisions of the state . . . are hereby authorized and empowered to use certi-fied mail with return receipt requested in lieu of registered mail in all instances where registered mail has heretofore been required or may hereafter be authorized by law. The mailing of any required notice of hearing. . .by such certified mail shall have the same legal effect as if sent by registered mail, provided receipt for such certified mail is validated by official post office postmark . . ."

It is the opinion of this office that a Justice of the Peace may not conduct an administrative hearing under Article 6687b, Section 22(a) and as modified by Article 29c, when the licensee does not appear at the hearing and where service is attempted by certified mail and there is no signed Post Office receipt showing delivery of the Notice of Hearing, even though such notice is shown to have been sent by certified mail to the address shown on his license.

Cathy v. State, 402 S.W.2d 743 (Tex.Crim. 1966), involved a situation where the Texas Department of Public Safety attempted to notify Appellant by certified mail of a hearing to determine whether or not Appellant was an habitual violator of the State traffic laws. The notice was returned to the Department unde-livered and not receipted for. The Department held the hearing and suspended Appellant's license. The Court, in reversing

Mr. Willie B. DuBose, Page 3, (M-239)

Appellant's conviction for driving while his license is suspended, held "that service, as required by Section 22, Article 6687b, was not had upon Appellant" and the suspension was void. In accord, Smith v. State, 168 Cr.R. 185, 324 S.W.2d 207 (1959).

It is concluded that if the licensee does not appear at the hearing and the Department attempts notice by certified mail, it must produce the signed return receipt before the Justice of the Peace can proceed with the hearing. To do otherwise would be to disregard the notice provisions of Article 6687b, Section 22(a).

It is also the opinion of this office that a suspension resulting from a hearing where the licensee was given no notice of the hearing would not be given any validity by the licensee subsequently receiving actual or constructive notice of the suspension.

Article 6687b, Section 22 (c), provides, in part:

> ". . .If any licensee who is a party to such
> final ruling and decision of the Department
> fails within thirty (30) days to institute
> or prosecute a suit to set such suspensions
> aside, then said final ruling and decision
> of the Department shall be binding upon all
> parties thereto." (Emphasis added).

Jurisdiction of the person of a defendant is acquired by service of such process as the law provides, or by his voluntary appearance, or by his waiver of service. Stanley v. Columbus State Bank, 258 S.W.2d 840 (Tex.Civ.App. 1953, error ref. n.r.e.). As jurisdiction is the power of a court to hear and determine a controversy between parties to a suit, the failure of the court to acquire personal jurisdiction of the licensee would render any orders or decrees of the court void. One not properly served with process and over whom the Court lacked personal jurisdiction could not be considered as "a party" to any "ruling or decision" of that Court. Therefore, the suspension would not be given validity by the mere fact that the licensee was subsequently given actual or constructive notice of the suspension.

While it may be contended that the suspension of a driver's license is a civil matter to be decided by the civil courts, and under the statutory provisions in Article 6687b, Section 22 (a), service of notice is sufficient if mailed by certified mail, though not delivered, nevertheless, in view of the decision of the Court of Criminal Appeals construing that statute, the

Supreme Court has made it clear it will follow the decision of the Court of Criminal Appeals in construing the same statute in a penal case. Shrader v. Ritchey, 158 Tex. 154, 309 S.W.2d 812 (1958).

In other situations where no criminal prosecution arises under the statute and the same or similar situation, the result reached here would not necessarily apply.

### SUMMARY

A Justice of the Peace in an administrative hearing brought under Article 6687b, Section 22, Vernon's Civil Statutes, may not proceed to hear the merits and make any valid findings or orders when the licensee does not appear at the hearing and where service is attempted by certified mail and there is no signed Post Office receipt showing delivery of the notice of hearing.

A suspension resulting from a hearing where the licensee was given no notice of the hearing would not be given any validity by the licensee subsequently receiving actual or constructive notice of the suspension.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Dunklin Sullivan
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Jo Betsy Lewallen
Ralph Rash
Malcolm Quick
Fisher Tyler

A.J. CARUBBI, JR.
Executive Assistant