Jimmy VINSON, Gladys Stout, J.M. Kelsoe, and Judy Dane, Appellants,

v.

Vic BURGESS, Sandy Jacobs, Lee Walker, Ruth Tansey, and Don Hill, Appellees.

No. 2–87–069–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 14, 1988.

Opinion on Rehearing May 12, 1988.

Opinion on Rehearing Aug. 18, 1988.

Larson & Trantham and William E. Trantham, Dallas, for appellants.

Law Offices of Earl Luna, P.C., and Earl Luna, Dallas, for appellees.

Before FENDER, C.J., and HILL and KELTNER, JJ.

## OPINION

HILL, Justice.

Jimmy Vinson, Gladys Stout, J.M. Kelsoe, and Judy Dane appeal from the trial court's denial of their original petition of mandamus in which they sought an order for the Denton County Commissioners Court to certify the sufficiency of petitions calling for a tax roll-back election and, alternatively, that the trial court order a roll-back election not less than 30 days nor more than 90 days after January 11, 1987.

In four points of error, appellants contend that the trial court erred in denying the writ of mandamus. Although stated in various ways and in terms of different theories, the chief complaint raised by appellants is that the method used by the County Clerk in aiding the Commissioners Court to determine the validity of the petitions was not a reasonable method, thereby causing qualified voters to be improperly not counted as valid signers of the petition.

We reverse and conditionally grant a writ of mandamus for the Commissioners Court of Denton County to redetermine the validity of the petitions by using a fair and reasonable method to determine validity

and to call an election if they determine that the petitions are valid. We find the method used by the Commissioners Court to determine the validity of the petitions was an abuse of its discretion since it was neither a fair nor reasonable method.

In all four points of error, the appellants complain of the method by which the Commissioners determined the validity of petitions which had been circulated and presented to the County Commissioners Court. These petitions called for a tax roll-back election in Denton County, following a tax increase of sufficient size to trigger the provisions of section 26.07 of the Texas Tax Code. *See* TEX.TAX CODE ANN. sec. 26.07 (Vernon 1982).

The testimony at trial of the Denton County Clerk and others revealed that only one criteria was used in validating the signatures on the petitions presented. The Clerk and her workers entered into her computer the name as signed on the petition and compared it to the names on the voter registration list. If the name did not appear on the voter registration list exactly as entered, the signature was not counted as that of a qualified voter. No effort was made to compare the other information on the petition, such as the person's name as printed by the individual, his voter registration number, and his address. For example, an individual whose printed name, address, and voter registration number all corresponded exactly to an individual on the voter registration list, but whose signature contained any minor variation from the voter list, would not have been counted as being a qualified voter, even though under such circumstances the individual would reasonably appear to be a qualified voter.

A writ of mandamus lies to enforce a ministerial act or duty, or to require the exercise of discretion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677 (1956). Generally, a mandamus will not issue to control the action of an inferior court or public officer in a matter involving discretion, but the writ may issue in a proper case to correct a clear abuse of discretion. *Crane*

*v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959).

The determination by a governing body of the sufficiency of a petition to hold an election is generally a discretionary function which may not be the subject of mandamus. *Boynton v. Brown*, 164 S.W. 893, 895 (Tex.Civ.App.—San Antonio 1914, writ ref'd). However, the action of the Commissioners Court must be based on reason and fairness, and not be compelled by fraud, caprice, or unfairness. *Id.*

The method employed here to determine the validity of the petitions was neither fair nor reasonable. Rather than employ a reasonable system to compare the information on the petitions, which in most cases included the printed name, signature, voter registration number, and address, with the voter registration information on file so as to make a reasonable determination as to whether the individual was a qualified voter, the Clerk and her employees, apparently on the advice of counsel, merely checked to see if the signer technically signed his or her name exactly as the name appeared on the voter registration list. Section 26.07 of the Texas Tax Code does not require that the qualified voter who signs such a petition sign his or her name exactly as the name appears on the voter registration list. The Denton County Commissioners Court, by considering only the technical signing of the petition, rather than making a reasonable determination based upon all of the information contained on the petition, effectively imposed such a requirement.

The trial court in its judgment found that the Denton County Commissioners Court acted in accordance with the law and followed the requirements of section 26.07 of the Texas Tax Code in determining that there were insufficient valid signatures on the petition to call an election, and denied relief to the appellants. We do not agree with the trial court's determination that the Commissioners Court acted in accordance with the law, since the law requires that it carry out its duty to determine the validity of the petitions by means of a fair and reasonable method. We have determined that the method used was not fair or rea-

sonable. Although each point of error presented by the appellants may contain arguments with which we do not necessarily agree, we find that as a group they sufficiently address this error on the part of the trial court. Accordingly, we sustain all four of appellants' points of error.

The Denton County Commissioners Court contends that the issue is now moot, since appellants asked the trial court to order an election early in 1987 and the time has now passed. They rely on cases in which petitioners requested certain matters to be placed or not placed on the ballot at a specific election and the absentee voting in the election had already commenced. *See e.g., Skelton v. Yates,* 131 Tex. 620, 119 S.W.2d 91 (1938); and *Pt. Isabel/S. Padre Is., Etc. v. S. Padre Is.,* 669 S.W.2d 177 (Tex.App.—Corpus Christi 1984, no writ). We note that the request that the trial court order an election for a specific time in 1987 was only an alternative request of appellants. We interpret the other alternative as a request for an order that the Commissioners properly certify the validity of the petitions. The election times set forth in section 26.07(d) of the Texas Tax Code run from the date of the last day the governing body could have acted to approve or disapprove the petitions, a date which in turn runs from the date of the submission of the petition. TEX.TAX CODE ANN. sec. 26.07(d) (Vernon Supp. 1988). The intention of the section is that there should be an election if a petition with the proper number of voters is presented to the governing body. If there are a sufficient number of qualified voters on the petition presented, it would be inconsistent with the section's intention to deny such an election due to the error described on the part of the Commissioners Court. We find it to be consistent with the intention of section 26.07 for these times to run from the date that the petitions are resubmitted to the Commissioners Court for a proper determination of their validity.

We reverse and render judgment that appellees, Vic Burgess, the County Judge of Denton County; and Sandy Jacobs, Lee Walker, Ruth Tansey, and Don Hill, all Commissioners of Denton County, are to reconsider the validity of the petitions in question, employing a fair and reasonable method reasonably calculated to determine whether the individuals signing the petition are qualified voters of Denton County as set forth in section 26.07 of the Texas Tax Code, which method shall, at a minimum, for each signature reviewed, consist of a comparison between all of the information on the petition and the comparable information in the voter registration records of Denton County. The appellees are also, within 20 days of the date of this opinion, to pass a resolution stating their finding as to the validity of the petitions, and, if the petitions are found to be valid, or, if the appellees make no such finding within 20 days of this opinion, the appellees shall order an election as provided by section 26.07 of the Texas Tax Code, the election to be held no less than 50 days nor more than 110 days from the date of this opinion. A writ of mandamus ordering the appellees to take these actions will issue only if they should refuse to do so voluntarily.

### OPINION ON REHEARING

For the first time in this appeal, the appellees argue, in their fifth point of error upon rehearing, that this court erred in reversing this cause because section 26.07 of the Property Tax Code is unconstitutional with respect to counties because it violates article VIII, sections 1–a and 9 of the Texas Constitution.

Article VIII, section 1–a of the Texas Constitution, among other things, authorizes Texas counties to levy an ad valorem tax, in addition to other constitutionally authorized taxes, to be used for the construction and maintenance of farm-to-market roads or for flood control, except "as herein otherwise provided." TEX. CONST. art. VIII, sec. 1–a.

This section also provides for a $3,000 homestead exemption for every homeowner and provides that the tax is not to exceed thirty cents on each one hundred dollars valuation.

Article VIII, section 9 of the Texas Constitution provides, among other things, that

when the commissioner's court meets to levy the annual tax rate, it shall levy whatever tax rate may be needed for the four constitutional funds (general fund, permanent improvement fund, road and bridge fund, and jury fund), so long as it does not impair any outstanding bonds, and so long as the total of the levies does not exceed eighty cents on one hundred dollars valuation in any one year. The section then provides that "once the Court has levied the annual tax rate, the same shall remain in force and effect during that taxable year." TEX. CONST. art. VIII, sec. 9.

These provisions, then, authorize the commissioners' courts of each county to set the tax rate, subject to the ceilings as stated. Section 9 of article VIII provides that once the rate has been levied, the rate set is to remain in effect throughout the taxable year. Such provisions are in conflict with section 26.07 of the Property Tax Code, which authorizes an election to roll back the tax rate which has been previously set by a commissioner's court, regardless of whether or not the rate set is within the limit established by the constitution. We therefore find that section 26.07 is unconstitutional as applied to counties. TEX.TAX CODE ANN. sec. 26.07 (Vernon Supp.1988). For further discussion, *see* Op.Tex.Att'y Gen. No. JM-792 (1987).

The appellants contend that article VIII, section 21, was enacted more recently than sections 1-a and 9, and that its provisions authorize the tax roll back election system established by section 26.07 of the Property Tax Code, as applied to counties.

Section 21(a) of article VIII provides that taxpayers are entitled to certain notice when the taxes to be imposed by a political subdivision are greater than those imposed the preceding year. The subsection provides for a hearing before the subdivision increases the taxes. Section 21(b) excludes certain taxes from the computation. Section 21(c) provides that the legislature by general law is to require notice to taxpayers of any revaluation of their property and an estimate of how much their taxes would be if they were not raised. We see nothing in the provisions of section 21 which would contradict the provisions of sections 1-a or 9 of article VIII or authorize the tax roll back election system for counties.

Since we have found section 26.07 of the Property Tax Code to be unconstitutional as applied to counties, and because courts cannot compel a public official to act in compliance with an unconstitutional statute, *Delta Cty. Levee Imp. Dist. v. Leonard,* 559 S.W.2d 387, 391 (Tex.Civ.App.— Texarkana 1977, writ ref'd n.r.e.), any error presented by the appellants' points of error is harmless error because any such error did not cause an improper judgment. *See* TEX.R.APP.P. 81(b)(1). We therefore set aside our prior reversal and conditional order of mandamus and sustain point of error number five on rehearing. We overrule the remaining points of error on rehearing. We also overrule the appellants' Motion for Summary Affirmation and Motion for Writ of Mandamus.

We set aside our prior judgment and affirm the judgment of the trial court.

## OPINION ON REHEARING

The appellants present two points of error in their motion for rehearing, filed following our opinion granting the appellees' motion for rehearing. They urge that we erred in holding that article VIII, section 21(a) of the Texas Constitution does not authorize the tax rollback system of article 26.07 of the Property Tax Code, and they argue, for the first time, that we erred by finding that section 26.07 is unconstitutional, because they contend that it is a constitutional legislative enactment of the provisions of the Texas Bill of Rights, article I, sections 2 and 27 of the Texas Constitution.

We deny the appellants' motion for rehearing.

We first consider the appellants' contention in point of error number two in rehearing that we erred by finding that section 26.07 of the Property Tax Code is unconstitutional. They urge that it is a constitutional legislative enactment of the provisions of the Texas Bill of Rights, article I, sections 2 and 27 of the Texas Constitution. Article I, section 2 of the Texas Constitu-

tion provides that, "[a]ll political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit." The section also provides that the people's power is limited by the people's pledge to the preservation of a republican form of government, but that, subject only to that limitation, the people "have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient."

Article I, section 27 of the Texas Constitution provides for the right of the citizens of Texas to peaceably assemble for the common good and "apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance."

The appellants contend that section 26.07 of the Property Tax Code is constitutional, even if in conflict with article VIII, sections 1–a and 9 of the Texas Constitution, because it is an act of the legislature formalizing a manner and means of exercising the rights of article I, sections 2 and 27. The appellants also call to our attention article I, section 29 of the Constitution, which declares that everything in the Bill of Rights is excepted out of the general powers of government, and that the Bill of Rights was to forever remain inviolate, and that all laws contrary to it shall be void.

The question, then, is whether the legislature may constitutionally delegate power to the people to directly make certain governmental decisions, when the people themselves have previously delegated the power, by means of the adoption of the Constitution, to their elected representatives, in this case county commissioners, to make those decisions.

One of the earliest answers to this question is to be found in the opinion of the Supreme Court of Texas in the case of *State v. Swisher*, 17 Tex. 441 (1856). The case involved liquor legislation in which the legislature sought to delegate its right to pass laws to the people directly through an election process. The court noted the procedure outlined in the Constitution for passing laws, observing that it contained no authority for passing laws by direct popular election, the Constitution only requiring the votes of the people's representatives in a legislative capacity. The court then went on to say that, "besides the fact that the constitution does not provide for such reference to the voters to give validity to the acts of the legislature, we regard it as repugnant to the principles of the representative government formed by our constitution. Under our constitution, the principle of law-making is that laws are made by the people, not directly, but by and through their chosen representatives. By the act under consideration, this principle is subverted, and the law is proposed to be made at last by the popular vote of the people, leading inevitably to what was intended to be avoided, confusion and great popular excitement in the enactment of laws." *Id.* at 448–49.

The Court of Criminal Appeals of Texas has held that although all power is inherent in the people by virtue of article I, section 2, that the people do not resume their inherent power or any delegated power by virtue of article I, section 27. *Ex parte Farnsworth*, 61 Tex.Cr.R. 353, 135 S.W. 535 (1911). Instead, section 27 provides for the right of the people to make their wishes known by assembly, petition, address, or remonstrance. *Id.* The court pointed out that even though the power to make certain governmental decisions might be delegated to certain public officials, the people have ample power through constitutional amendment, election of those public officials, and other means as set forth in the opinion to see to it that the public trust was properly exercised by those officials to whom the power to make governmental decisions has been delegated by the Constitution. *Id.* 135 S.W. at 535–36.

■ Based upon these authorities, we find that since the legislature may not delegate the powers conferred upon it by the Constitution to the people to exercise by direct election, even in view of article I, sections 2 and 27 of the Constitution, then the legislature also has no power, based on the same principles, to delegate the powers conferred upon other governmental bodies,

such as commissioners courts, to the people to exercise by direct election. The people, acting in their capacity as the ultimate sovereign, as guaranteed by article I, section 2, have adopted the constitutional provisions which delegate the authority to set tax rates to the commissioners courts of this state. We have not been referred to any provision of the constitution by which the people have authorized the legislature to take that power away from the commissioners. "The people themselves are bound by the Constitution until changed as provided in the instrument itself." *Id.* 135 S.W. at 536.

We agree with general authorities cited to us by the appellants relating to the importance of elections in our governmental system as the primary means by which we as the people exercise our sovereignty. However, as the authorities above indicate, governmental decisions in this state generally are not made by the people directly, but by their elected representatives. This is especially so with respect to a power which the people, in the Constitution, have delegated to be performed by their elected public officials rather than by themselves directly. This principle takes nothing away from the sovereignty of the people, who through the right to amend the Constitution and to elect their public officials, ultimately are in control. We overrule the second point of error on rehearing.

Appellants contend that we erred in our opinion on rehearing by holding that article 26.07 of the Property Tax Code is not authorized by article VIII, section 21(a) of the Texas Constitution. For the reasons discussed in our opinion on rehearing, we overrule point of error number one on rehearing.

We overrule the appellants' motion for rehearing.