No. 04-01-00062-CV



Margarito MONREAL & American Home Assurance Co.


as Subrogee of Margarito Monreal,

Appellants



v.



Henrietta HILDEBRAND, Henrietta P.C. Hildebrand Marital Trust I and II,

H & H Livestock, L.L.C., f/k/a H & H Shiner, L.L.C.,

Hildebrand-Thompson, L.C.,

Appellees



From the 81st Judicial District Court, Frio County, Texas 


Trial Court No. 99-10-00297CVF


Honorable Olin B. Strauss, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: March 20, 2002


AFFIRMED

 Appellants, Margarito Monreal and American Home Assurance Company as subrogee of
Margarito Monreal (collectively referred to hereafter as "Monreal"), appeal from three separate
summary judgments rendered in favor of appellees, Henrietta Hildebrand, Henrietta P.C. Hildebrand
Marital Trust I and II, H & H Livestock, L.L.C., f/k/a H & H Shiner, L.L.C. (collectively referred
to hereafter as "Hildebrand"), and Hildebrand-Thompson, L.C. (referred to hereafter as
"Thompson"). In this appeal, we are asked whether the trial court erred in finding Frio County's
stock law void and in granting summary judgment in favor of Thompson and Hildebrand. We
overrule Monreal's issues and affirm the judgment of the trial court. 

BACKGROUND

 Texas is a "free-range" state. See generally Gibbs v. Jackson, 990 S.W.2d 745, 747 (Tex.
1999) ("Neither the courts nor the legislature of this state have ever recognized the rule of the
common law of England which requires every man to restrain his cattle . . .") (citing Clarendon Land,
Inv. & Agency Co. v. McClelland, 86 Tex. 179, 23 S.W. 576, 577-78 (1893)). However, through
a local option to prevent cattle from running at large, freeholders of a county may petition for an
election to determine whether cattle should be permitted to run at large throughout the county. See
Tex. Agric. Code Ann. § 143.071 (Vernon 1982). On May 10, 1985, Frio County held such an
election and the stock law passed requiring Frio County residents to keep their cattle from running
at large. Anyone violating the stock law faced civil liability. See Tex. Agric. Code Ann. § 143.102
(Vernon 1982). 

 During the early hours of October 20, 1997, Monreal was driving down a farm-to-market
road in Frio County. At around 5:30 a.m. Monreal's truck hit a cow that was lying on the road.
Monreal's truck flipped and the accident left him severely injured. Monreal sued Thompson and
Hildebrand under the local stock law for negligence. Thompson moved for a traditional summary
judgment and subsequently pled a no-evidence motion for summary judgment. Both motions were
based on the ground that the Frio County stock law was void because notice of the election did not
comply with statutory requirements. See Tex. Agric. Code Ann. § 143.022 (Vernon 1982). The
trial court granted both motions. As a result, Hildebrand orally moved for summary judgment as a
matter of law on the same grounds; the trial court also granted the motion. (1)

DISCUSSION

 Monreal concedes that notice of the election did not comply with the statutory requirements
but nevertheless argues that the trial court erred in finding Frio County's stock law void and thus, in
granting summary judgment in favor of Thompson and Hildebrand. Monreal argues "[a] statutory
election contest is the only remedy for a citizen who complains of the procedure by which an election
was conducted." Therefore, because Thompson and Hildebrand did not comply with statutory
requirements for filing an election contest, Monreal argues that the court had no jurisdiction to hear
the summary judgments. See Tex. Elec. Code Ann. § 233.006(b) (contestant must file petition not
later than thirtieth day after official results of election determined). Additionally, Monreal argues,
without citing any authority, that collateral attacks on procedural defects, which do not appear on the
face of the law or the papers leading to its enactment are improper as a matter of law and, the district
courts have no jurisdiction to hear such attacks.

 Thompson, (2) on the other hand, argues that the challenge to the stock law is not an election
contest but rather a permissible collateral attack. Thompson argues that the notice requirement for
a stock law election is a mandatory provision and, if not strictly complied with, renders the election
void according to the Court of Criminal Appeals in Cunningham v. State, 44 S.W.2d 739 (Tex. Crim.
App. 1931). (3) Therefore, Thompson argues that a collateral attack is permissible. We agree. 

 In Cunningham, an election was conducted and a stock law was subsequently adopted which
prevented cattle from running at large. Despite the enactment of the stock law, Cunningham
permitted his cattle to run at large in the county. As a result, Cunningham was convicted for violating
the stock law. Cunningham appealed his conviction arguing that the stock law was inoperative
because notice of the election was not published for the time prescribed by the statute. The court of
appeals affirmed his conviction but the Court of Criminal Appeals subsequently reversed holding
"[f]ailure to publish the notice of election for the time required by the statute invalidates the election."
Id. at 741. In so doing, the court reaffirmed its holding in Ex parte Conley, 75 S.W. 301 (Tex. Crim.
App. 1903). Because the court in Cunningham held that failure to publish notice of the election as
required by law invalidated the election and therefore made the election void, a collateral attack
would be proper. See Cunningham, 44 S.W.2d at 741; Ex parte Conley, 75 S.W. at 301 ("If the
election was not conducted in accordance with the requirements of the law, it is void, and not merely
voidable, and all the proceedings had under and by virtue of such void election are absolutely void,
and may be questioned not only directly, but collaterally") (citing Ex parte Kramer, 19 Tex. Ct. App.
123 (1885)). Therefore, how to challenge an election is irrelevant. (4) Because notice of the election
did not comply with the statutory requirements, the election was void and, therefore, subject to
collateral attack. We hold that the trial court did not err in holding the stock law election void. We
overrule Monreal's first issue.

SUMMARY JUDGMENT

 In its motion for summary judgment, Thompson argued that it was entitled to judgment as a
matter of law "because the uncontradicted summary judgment evidence established that all statutory
requisites and formalities were not followed by Frio County, Texas in adopting the 'stock law', and
therefore the stock law is void. As such, as a matter of law, no duty exists on [Thompson] to confine
or restrain [its] animals." To obtain a traditional summary judgment, a party moving for summary
judgment must show that no genuine issue of material fact exists and that the party is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).
Because the Order granting summary judgment does not specify the grounds upon which the trial
court relied, we must affirm the judgment if any of the theories raised in the motions for summary
judgment are meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993).

 In this case, Thompson provided affidavits evidencing that notice of the election did not
comply with the statutory requirements. Therefore, in accordance with Cunningham, the stock law
election is void; thereby negating any duty which may have been imposed as a result of the stock law.
Thompson is entitled to judgment as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex. 1991) (defendant entitled to summary judgment if evidence disproves as a matter of
law at least one element of plaintiff's cause of action). Further, Monreal has not presented evidence
that would raise a genuine issue of material fact. See City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979) (once movant establishes right to summary judgment, burden shifts
to nonmovant to present evidence raising a genuine issue of material fact). We, therefore, overrule
Monreal's second issue. 

CONCLUSION

 The traditional motion for summary judgment disposed of the claims against Thompson and
Hildebrand; therefore, we do not need to address the no-evidence motion for summary judgment.
The judgment of the trial court is affirmed. 


 Alma L. López, Justice

Do Not Publish
1. The Order Granting Summary Judgment provides that Monreal "waived any and all procedural objections
to [Hildebrand's] Motion for Summary Judgment and notice of the hearing on the Motion for the Summary Judgment."
2. Hildebrand did not submit an appellate brief but notified this court of its acceptance of Thompson's appellate
brief. Therefore, we join Hildebrand in Thompson's arguments.
3. The Supreme Court, in Shrader v. Ritchey, 309 S.W.2d 812 (Tex. 1958) adopted the holding in Cunningham.
In that case, Shrader sought to void a stock law election held in San Jacinto County and enjoin the county judge from
placing the stock law in effect because notice of the election did not comply with the statute. The trial court denied
Shrader relief and, the court of civil appeals affirmed holding that the publication of the notice was in substantial
compliance with the statutory requirement so much so that it would not justify voiding the election. The question
before the Court was whether the appellate court erred in failing to hold that strict compliance with the statute relating
to stock law election, particularly the notice requirement, as required in Cunningham, "was necessary to sustain the
validity of the stock law election under the facts stated?" Id. at 813. The Court noted that the decision of the appellate
court was in direct conflict with the Court of Criminal Appeals in Cunningham and as such, the question presented
called "not for the construction of a statute but for the determination of a sound public policy." Id. at 814. In
answering in the affirmative, the Court noted: "When a refusal by this Court to follow a decision of the Court of
Criminal Appeals in construing a statute, the violation of which is a penal offense, would create an intolerable
situation, it is our duty not to refuse to do so but to follow the ruling of that court." Id.
4. Monreal argues that Cunningham is inapplicable because the "court never addressed the requirements for how
a challenge to an election should be made." However, the court in Cunningham reiterated: "A matter that is void is
void." Cunningham, 44 S.W.2d at 741 (citing Ex parte Conley, 75 S.W. at 301).