Marilyn G. WINBORNE, Appellant,

v.

The COMMISSIONERS' COURT OF ELLIS COUNTY, TEXAS, Acting By and Through the Following Elected Officials: James BLAKEMORE, County Judge; Ron Gilespie, Commissioner; J.B. Sims, Commissioner; Cliff Wommack, Commissioner; and David Jones, Commissioner, Appellees.

No. 10-88-078-CV.

Court of Appeals of Texas, Waco.

Sept. 1, 1988.

Rehearing Denied Sept. 22, 1988.

Ron B. Johnson, Waxahachie, for appellant.

Gregg M. McLaughlin, Perdue, Brandon & Fielder, Arlington, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Winborne from the trial court's refusal to grant a writ of mandamus compelling the Commissioners' Court of Ellis County to order a "rollback" election under the provisions of Section 26.07 of the Property Tax Code.

On August 27, 1987, the Commissioners' Court of Ellis County adopted tax rates amounting to a 32.8% increase in the effective tax rate. The taxes were adopted pursuant to the Texas Constitution, Article VIII, Section 1-a, providing funds for Farm to Market roads and flood control; and Article VIII, section 9, providing funds for the General Fund, Permanent Improvement Fund, the Road and Bridge Fund, and the Jury Fund. On November 6, 1987, a petition with plaintiff's name and the names of 6,999 other voters of Ellis County was presented to the Commissioners. This petition met the requirement of Section 26.07 of the Property Tax Code and sought the calling of an election on the question of reducing the tax rates for the year 1987 in accordance with Section 26.07. The Commissioners did not call the election on the grounds that Section 26.07 of the Property Tax Code is inapplicable to taxes adopted pursuant to Article VIII, Sections 1-a and 9 of the Texas Constitution.

Plaintiff sought a writ of mandamus from the district court to compel the Commissioners' Court to order a "rollback" election. After a hearing on stipulated facts, the trial court made the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

a. That the tax rate adopted by the Commissioners' Court is in excess of the stated limit over the effective tax rate which would subject the adopted tax rate to the provisions of Section 26.07 of the Texas Property Tax Code (i.e. 32.8%).

b. That the tax rate adopted by the Commissioners' Court of Ellis County, Texas, is within the maximum limits authorized by Article VIII, Sections 1–a and 9 of the Texas Constitution.

c. That the Plaintiff, Marilyn G. Winborne, is a resident of Ellis County, Texas.

d. That the petition containing the signatures calling for the election in six bound volumes was introduced and said petition contained the requisite number of signatures in accordance with the statute.

e. That the petition was presented to the Commissioners' Court of Ellis County within the prescribed time in accordance with the statute.

f. That the Commissioners' Court of Ellis County, Texas, refused to call a rollback election within the prescribed time in accordance with [Section 26.07 of the Texas Property Tax Code].

g. That the sole question before the Court is, "Does Section 26.07 of the Texas Property Tax Code apply to the taxes authorized by Sections 1–a and 9, Article VIII of the Texas Constitution?"

### CONCLUSIONS OF LAW

1. That the Texas Constitution is the fundamental law of the State of Texas and the Court cannot enforce a statute that is contrary to the Constitution.

2. That a statute cannot authorize the assessment of a tax which the Constitution prohibits nor can a statute prohibit the assessment of a tax authorized by the Constitution.

3. That the Texas Constitution, Sections 1–a and 9, Article VIII plainly and clearly vests in the County Commissioners the authority to annually assess ad valorem taxes in an amount not to exceed the limits set by the Constitution. Further, it is within the sole discretion of the County Commissioners to adopt the tax rate needed for the Constitutional purposes set forth.

4. That since the tax rate adopted by the Commissioners' Court of Ellis County for 1987 is within the Constitutional limits set forth in Sections 1–a and 9, Article VIII, this Court is without authority to order an election to reduce that tax rate as provided by Section 26.07 of the Tax Code.

5. That the Court finds Section 26.07 of the Texas Property Tax Code is not applicable to the taxes authorized by Article VIII, Sections 1–a and 9 of the Texas Constitution.

6. That Plaintiff's request for a Writ of Mandamus is denied as a matter of law.

Plaintiff appeals on 5 points of error asserting the trial court erred as a matter of law in holding: (1) that it is within the sole discretion of the County Commissioners' Court to adopt the tax rate; (2) that the tax rate was within constitutional limits; (3) that it is within the discretion of the Commissioners' Court whether to address plaintiff's petition; (4) that Section 26.07 of the Property Tax Code is not applicable to taxes assessed pursuant to Article VIII, Sections 1–a and 9 of the Texas Constitution; and (5) that the trial court erred in denying plaintiff's request for a writ of mandamus.

This suit concerns the applicability of Section 26.07 of the Texas Property Tax Code to taxes authorized by Article VIII, Sections 1–a and 9 of the Texas Constitution. Section 26.07 is a statutory provision authorizing a procedure to allow an election to repeal a tax rate increase which is in excess of the rate calculated as provided by Section 26.04 of the Code by more than

eight (8%) percent. Section 26.07 reads in part:

(a) If the governing body of a taxing unit other than a school district adopts a tax rate that exceeds the rollback tax rate calculated as provided by Section 26.04 of this code, the qualified voters of the taxing unit by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to the rollback tax rate calculated as provided by 26.04 of this code.

It was stipulated at the hearing that the tax rate adopted by the Commissioners' Court was in excess of the eight percent allowed by Section 26.07.

The Texas Constitution contains two provisions in Article VIII which were the basis for the taxes adopted by the Ellis County Commissioners' Court. Article VIII, Section 1–a, provides in pertinent part:

* * the several counties of the state *are authorized to levy* ad valorem *taxes upon all property within their respective boundaries for county purposes* * * *not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of this State,* provided the revenue derived therefrom shall be used for construction and maintenance of Farm to Market Roads or for Flood Control, except as herein otherwise provided. (Emphasis added).

Article VIII, Section 9, provides:

[N]o county, city or town shall levy a tax rate in excess of Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year for general fund, permanent improvement fund, road and bridge fund and jury fund purposes; *provided further that at the time the Commissioners Court meets to levy the annual tax rate for each county it shall levy whatever tax rate may be needed for the four (4) constitutional purposes;* * * so long as the Court does not impair any outstanding bonds or other obligations and so long as the total of the foregoing tax levies does not exceed

Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year. Once the Court has levied the annual tax rate, the same shall remain in force and effect during that taxable year; *and the Legislature may also authorize an additional ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property taxpaying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents (15¢) on the One Hundred Dollars ($100) valuation of the property subject to taxation in such county.* Any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. *This Section shall not be construed as a limitation of powers delegated to counties* * * *by any other Section or Sections of this Constitution.* (Emphasis added).

In passing upon the constitutionality of a statute passed by the legislature, we begin with a presumption of its validity. *Smith v. Davis*, S.Ct. 426 S.W.2d 827.

A strong presumption exists that a legislative act is constitutional, and a legislative act will not be declared unconstitutional unless some provision of the constitution clearly shows the invalidity of such act. And if doubt exists as to a statute's validity, such statute should be held valid unless it clearly conflicts with some provision of the constitution. *Texas National Guard Armory Board v. McCraw*, S.Ct., 126 S.W.2d 627.

■ The Texas Constitution, unlike the federal constitution, is in no sense a grant of power, but operates solely as a limitation of powers. All power which is not limited by the constitution inheres in the people, and an act of the state legislature is legal when the constitution contains no prohibition against it. For a court to hold an

act of the legislature unconstitutional, it must be able to point out the specific provision which inhibits the legislature. If the limitation is not express, then it should be clearly implied. *Shepherd v. San Jacinto Jr. College Dist.*, S.Ct., 363 S.W.2d 742.

All intendments are against restrictions on the legislative power. The legislative branch may make any law not prohibited by the constitution. *State v. Brownson*, S.Ct., 61 S.W. 114. But if the meaning of the language of a constitutional provision is plain, the court must give full effect thereto, for a statute cannot override the constitution. *Cramer v. Sheppard*, 140 Tex. 271, 167 S.W.2d 147.

Article VIII, Sections 1-a and 9, details what the Commissioners' Court can do, i.e., fix an ad valorem tax rate not to exceed 30¢ and 80¢ on the $100 valuation in any one taxable year. It then provides the legislature may authorize an additional ad valorem tax for road maintenance "provided a majority of the taxpayers vote such tax not to exceed 15¢ on the $100 valuation." And finally provides, "this section shall not be construed as a limitation of powers delegated to counties * * by any other Section or Sections of this Constitution".

The word "county" as used in Article VIII, Sections 1-a and 9, is broader and more general in scope than the specific term "commissioners' court". Logically, "county" must encompass the qualified voters of the county, as they are authorized by Section 26.07 of the Tax Code, to participate in the fixing of the tax rate. The fact that the tax rates are initially fixed by the Commissioners' Court does not mean that the Commissioners' Court constitutes the "county" to the exclusion of the qualified voters therein.

Article VIII, Section 9, expressly authorizes the legislature and the taxpayers of a county to increase the tax rate an additional 15¢ on the $100 valuation. Considering Article VIII, Sections 1-a and 9, in its entirety, it is clear to us that the designation of the Commissioners' Court as the fixer of rates was simply for the purpose of promoting the prompt conduct of business in commencing the rate-fixing process.

Article VIII, Section 9, provides it shall not be considered a limitation of powers delegated to counties, (i.e., the qualified voters thereof) by any other section of the constitution.

■ Article I of the Bill of Rights of the Constitution, Section 2, provides: "All political power is inherent in the people * * "; Section 27 provides: "The citizens shall have the right * * to apply to those invested with the powers of government for redress of grievances or other purposes, by *petition*, address or remonstrance"; and Section 29 declares: "to guard against transgressions of the high powers herein delegated, we declare that everything in this 'Bill of Rights' is *excepted* out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto, or to the following provisions, shall be void".

Thus the right of citizens to *petition* has been expressly excepted in the Bill of Rights out of the general powers of government delegated.

The legislature has provided in Article 26.07 of the Tax Code that if the tax rate set by the Commissioners' Court exceeds an increase of over 8% from the preceeding tax year, the voters of a county (if 10% sign a petition to the Commissioners' Court) can trigger a rollback election to determine if the tax rate should be rolled back to the prior year's tax rate plus 8%.

The Commissioners' Court is permitted to set any rate it chooses each year, up to the maximum rate prescribed. The Bill of Rights excepts the right of *petition* by the people out of the general powers of government delegated; and Article VIII, Section 9, states that it shall not be construed as a limitation of powers delegated to the citizens of a county by any other section of this constitution.

The legislature has mandated that the citizens of a county be given the right to trigger a rollback election by petition. A rollback election is not expressly forbidden by the constitution.

880

In such situation we think Article 26.07 valid. If doubt exists as to validity (which we do not see) such doubt is to be resolved in favor of the validity of the statute. We declare Article 26.07 not to be in conflict with or forbidden by the constitution.

Plaintiff's points are sustained.

The judgment of the trial court is reversed and judgment rendered ordering the trial court to mandamus the Commissioners' Court of Ellis County to call an election under the provisions of Article 26.07, on a date not less than 30 days or more than 90 days after this judgment becomes final, to determine whether to roll back the ad valorem tax rate of Ellis County for 1987.

REVERSED & RENDERED.

THOMAS, J., respectfully dissents for the reasons stated in Op.Tex.Att'y Gen. No. JM–792 (1987).