Mike PARKER, et al., Appellants,

v.

George WHITE, Appellee.

No. 12–91–00189–CV.

Court of Appeals of Texas, Tyler.

April 28, 1993.

See also, 815 S.W.2d 893.

Otis Carroll, Michael G. Carroll, Ireland, Carroll & Kelley, P.C., Tyler, for appellants.

Robert A. Goodwin, Center, for appellees.

Before BILL BASS, HOLCOMB and PAUL S. COLLEY[1] (Retired), JJ.

BILL BASS, Justice.

This is an appeal from a judgment granting Appellee's application for writ of mandamus. The trial court's judgment required the Panola County Commissioners Court to hold a tax rollback election. We reverse the judgment of the trial court.

On August 23, 1988, the Commissioners Court of Panola County adopted a tax rate of .354 per $100 of assessed property value to fund county operations for the calendar year 1989. The adopted tax rate exceeded the rollback tax rate, triggering the right of citizens to petition the Commissioners Court to hold a rollback election to allow voters of Panola County to determine whether or not to reduce the tax rate to the rollback rate. *See* TEX.TAX CODE ANN. § 26.07 (Vernon 1992). Twelve weeks later, the Appellee, George White, submitted to the Appellants, the Commissioners Court of Panola County, Texas, (hereinafter "Commissioners") a petition purporting to bear the signatures of taxpayers of Panola County, for the purpose of requesting a tax rollback election pursuant to TEX.TAX CODE ANN., Section 26.07. Within the statutory twenty day period for a governing body of a taxing unit to determine the validity of a rollback petition, the Commissioners passed a resolution finding the petition invalid.

The Commissioners found the petition invalid because, in their view, Section 26.07 of the Tax Code (the rollback statute) could not constitutionally be applied to counties. The Fort Worth Court of Appeals had recently so held that Section 26.07 of the Tax Code was unconstitutional as applied to counties. *See Vinson v. Burgess,* 755 S.W.2d 481, 484 (Tex.App.–Fort Worth 1988) (opinion on rehearing), *rev'd,* 773 S.W.2d 263. In contrast, the Waco Court of Appeals had also recently addressed the constitutionality of the tax rollback statute and found that it was not in conflict with, nor forbidden by the TEXAS CONSTITUTION. *See Winborne v. Commissioners' Court,* 757 S.W.2d 876, 879 (Tex.App.–Waco 1988), *aff'd* 773 S.W.2d 263. The Commissioners decided to follow the Fort Worth court's decision and found the Appellee's rollback petition to be invalid on that ground.

Subsequently, the Appellee filed an application for writ of mandamus in the district court to compel the Commissioners to hold the tax rollback election. The case was tried before the court after the Texas Su-

---

1. Paul S. Colley, Justice (Retired), Tyler Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

preme Court had decided the tax rollback statute was constitutional as applied to counties. *See Vinson v. Burgess,* 773 S.W.2d 263, 267 (Tex.1989). The only witness to testify was the County Judge, Mike Parker. In its Findings of Fact and Conclusions of law, the trial court, in summary, found that the tax rate increase adopted by the Commissioners exceeded the rollback increase, White's petition contained the requisite signatures, and, therefore, the Commissioners were under a legal duty to schedule a tax rate rollback election. The trial court's judgment ordered the Commissioners to hold a tax rollback election within 90 days of the date of the judgment. It is from this judgment that the Appellants bring their appeal.

A writ of mandamus will issue to compel a public official to perform ministerial act. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682 (1956); *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Depoyster v. Baker,* 89 Tex. 155, 34 S.W. 106, 107 (1896).

In *Anderson v. City of Seven Points,* the Texas Supreme Court held that a mayor had a ministerial duty to order an election on the question of abolishing the corporate existence of a city, pursuant to section 62.002 of the TEXAS LOCAL GOVERNMENT CODE. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991). The Seven Points mayor had determined that a disincorporation petition did not have enough signatures to require him to order the election. In a trial court writ of mandamus action, the court found that the petition did contain the requisite number of signatures and ordered the mayor to hold an election. The Supreme Court affirmed the trial court's decision, reasoning that "[o]nce the trial court determined that [the petition contained enough signatures], the mayor had no discretion; therefore the act became ministerial and the trial court was required to grant the petition for writ of mandamus...." *Id.* at 794–95. Since the appli-

cable statute spelled out the act to be performed by the mayor with sufficient certainty, nothing was left to the exercise of the official's discretion.

Likewise, in the case before us, the Commissioners' duty was a ministerial one since Section 26.07 of the TEXAS TAX CODE clearly spelled out the duty to be performed by the official with sufficient certainty that nothing was left to the exercise of discretion. Once the trial court determined that the tax rate rollback petition was valid, the Commissioners had a ministerial duty to schedule the rollback election.

The Appellants argue that the evidence was legally insufficient to support the trial court's finding and conclusion that the Appellee presented a petition to the Commissioners adequate to require them to schedule a tax rollback election. Alternatively, the Appellants argue that the evidence was factually insufficient to support the same finding and conclusion. The Appellants' argument is based on the absence in the record of the rollback petition itself. Therefore, they argue, the Appellee failed in his burden of proving that all prerequisites for the election were met. While we are not of the opinion that the absence of the rollback petition shows insufficient evidence *per se,* we do agree that the Appellee had the burden at trial to prove by a preponderance of the evidence that a valid petition was submitted to the Commissioners, who then failed to schedule an election. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). We see no reason why the Appellee could not have proven a valid petition by other competent evidence.

The Appellee, on the other hand, does not contend that the record demonstrates sufficient evidence of a validly submitted rollback petition. The Appellee maintains that the petition was deemed valid by operation of law when the Commissioners failed, within the time allowed, to properly determine the petition's invalidity by stating a statutory ground of invalidity. Section 26.07 of the TEXAS TAX CODE states:

(b) A petition is valid only if:

(1) it states that it is intended to require an election in the taxing unit on the question of reducing the tax rate for the current year;

(2) it is signed by a number of qualified voters of the taxing unit equal to at least 10 percent of the number of qualified voters of the taxing unit according to the most recent official list of qualified voters not counting the signatures of voters gathered by a person who received compensation for circulating the petition; and

(3) it is submitted to the governing body on or before the 90th day after the date on which the governing body adopted the tax rate for the current year.

(c) Not later than the 20th day after the day a petition is submitted, the governing body shall determine whether or not the petition is valid and pass a resolution stating its finding. *If the governing body fails to act within the time allowed, the petition is treated as if it had been found valid.*

TEX.TAX CODE ANN. § 26.07 (Vernon 1992) (emphasis added).

It is undisputed that, within 20 days from when the petition was submitted, the Commissioners passed a resolution stating its finding of invalidity. The Commissioners also stated their reason for finding the petition invalid (concerns about the constitutionality of the rollback statute), *though the statute did not require them to give a reason.* Had the Commissioners simply stated their finding of invalidity without explaining their reasons for the finding, the Appellee surely could not argue that the petition must now be treated as if it had been found valid pursuant to Section 26.-07(c).

We see no evidence that the Commissioners acted in bad faith in considering the divergent courts of appeals' opinions when they explained why the petition was invalid. The Appellees had an adequate opportunity to prove the validity of the rollback petition at the trial court, but, as they concede in their brief, they failed to do so. We conclude that the Commissioners, in finding the petition invalid on grounds other than those listed in Section 26.07 of the Texas Tax Code, did not relieve the Appellee of his burden of proving by a preponderance of the evidence that the rollback petition was valid.

Having found the evidence legally insufficient to support the trial court's findings, **we reverse the judgment of the trial court and render judgment for the Appellants.**